UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.:

------------------------------------------------------------x
HONGTENG HUANG,                                   :       Agency File No.: A078-216-646
197 Walnut Street                                 :
Braintree, MA 02184,                              :
       Plaintiff，                                 :
                                                  :
    v.                                              :
                                                  :
ALEJANDRO MAYORKAS, in his official               :
capacity as Secretary of the Department of        :
Homeland Security, and Ur M. Jaddou, in her       :
official capacity as Director of U.S. Citizenship :       **COMPLAINT**
& Immigration Service,                            :
       Defendants.                                :
------------------------------------------------------------x

PRELIMINARY STATEMENT

1. This is an individual action for declaratory and mandamus relief, authorized by the Declaratory Judgment Act, 28 U.S.C. § 1361, and the Administrative Procedure Act, 5 U.S.C. §§ 551 *et seq.* and 5 U.S.C. §§ 701 *et seq.* This action is to provide Plaintiff Hongteng Huang (hereinafter "Huang") relief from the U.S. Citizenship & Immigration Service ("USCIS") *et al.* willful violation of the law, and bureaucratic inaction and errors.

PARTIES

2. Huang is a Chinese citizen, an <u>asylee</u> granted by an immigration judge sitting in New York, New York on September 11, 2018, applicant of a pending I-485 adjustment of status application. She currently resides at 197 Walnut Street, Braintree, MA 02184.

3. Defendant Alejandro Mayorkas is the Secretary of the U.S. Department of Homeland Security and as such is charged with the administration and enforcement of the Immigration and Nationality Act and all other laws relating to the immigration and naturalization of aliens under 6 U.S.C. §§ 111, 112 and 8 U.S.C. § 1103. He is sued in his official capacity only.

4. Defendant Ur M. Jaddou is the Director of U.S. Citizenship & Immigration Service, an agency within the Department of Homeland Security, the highest ranking official in the agency, in charge of administering and enforcing the laws related to immigration and naturalization of aliens pursuant to the transfer of authority from the Secretary of Homeland Security of the United States under 6 U.S.C. § 271. She is sued in her official capacity only.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this case under 5 U.S.C. §§ 702 and 706, as an action to review and compel agency action when it has unlawfully withheld or unreasonably delayed, and to set aside agency actions findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. This Court also has jurisdiction over this case under 28 U.S.C. § 1331, as an action arising under the Constitution and laws of the United States, under 28 U.S.C. § 1361, as an action of mandamus to compel a United States employee to perform duty, and under 28 U.S.C. § 2412(d) to reimburse a party for litigating unreasonable and unlawful agency actions.

6. Venue is proper in this district under 28 U.S.C. § 1391(e).

## FACTS

7. Huang is an asylee, a status granted to him by an immigration judge sitting in New York, New York on September 11, 2018. Copy of the Immigration Judge Order is attached herewith as Exhibit A.

8. About a year later when he became eligible to adjust his status, Huang filed his I-485, Application to Adjust Status with USCIS Texas Service Center for his own benefit (the "Application"). On July 7, 2020, USCIS notified Huang that there was no need for him to attend biometrics appointment because the agency is able to reuse his fingerprints and other biometrics

information previously captured. The Application bears a case number of SRC2090233847. <u>Copy of USCIS notice bearing a case number of SRC1890196842 is attached herewith as Exhibit B</u>.

9. No decision whatsoever has been rendered on the Application for the ensuring __ months. Huang through his attorney made inquiries about the status of his pending Application on numerous occasion.

10. There is no visa availability issue for the Application.

<u>STATUTORY AND REGULATORY PROVISIONS, AGENCY POLICY MANUAL</u>

11. The Immigration and Nationality Act, INA § 209(b), U.S.C. § 1159(b) provides in pertinent part:

> "(b) Requirement for adjustment. The Secretary of Homeland Security or the Attorney General, in the Secretary's or the Attorney General's discretion and under such regulations as the Secretary or the Attorney General may prescribe, may adjust to the status of an alien lawfully admitted for permanent residence the status of any alien granted asylum who-(1) applies for such adjustment, (2) has been physically present in the United States for at least one year after being granted asylum, (3) continues to be a refugee within the meaning of section 1101(a)(42)(A) of this title or a spouse or child of such a refugee. (4) is not firmly resettled in any foreign country, and (5) is admissible (except as otherwise provided under subsection (c)) as an immigrant under this chapter at the time of examination for adjustment of such alien."

12. USCIS Policy Manual, Volume 4, Chapter 21, 21.10(e) instructs in pertinent part:

> "1. Approvals
>
> > If the application is properly filed, the applicant meets the eligibility requirements, and the applicant satisfies admissibility or waiver requirements, then the officer may approve the adjustment application as a matter of discretion."

<u>CAUSE OF ACTION</u>

13. Defendants are required to process and adjudicate Huang's Application in

3

accordance with law and agency regulations and to do so within a reasonable time. They have not done so, and upon information and belief, Defendants continue ignoring plaintiff's numerous requests for the decision.

14. Defendants clearly erred in unreasonably delaying adjudicating the pending petition and application in contravening its own regulations and policies.

15. The actions of the Defendants described above have no reasonable basis in fact or law, and are not substantially justified.

16. Defendants' failure to follow the law and its own regulations/policies has harmed Plaintiff and her husband, is arbitrary, capricious, an abuse of discretion, and not in accordance with law, and is subject to this Court's review under 5 U.S.C. § 702. As result of Defendants' actions, Huang been placed in a legal limbo and he has no relief available.

## PRAY FOR RELIEF

WHEREFORE, plaintiff prays that this Honorable Court:

A. Enter an order of mandamus declaring that the Defendants' failure to provide Plaintiffs its decision within a reasonable time and in accordance with administrative procedure to be arbitrary, capricious, not in accordance with law, and in violation of the rights of Plaintiff.

B. Enter an order granting Plaintiff's requested immigrant status for himself on the undisputed finding that Plaintiff is eligible to receive his lawful permanent resident status.

C. Or, alternatively, enter an order compelling Defendants to make a decision on the pending Application within 30 days of the order.

D. Grant Plaintiff reasonable attorney's fees under 28 U.S.C. § 2412(d) and all reasonable costs and expenses herein, together with any and all additional relief to which plaintiff may be entitled.

Respectively submitted,

Dated: January 3, 2022

/S/ Wei Jia
Wei Jia, BBO Bar #: 646896
jiawei2001@msn.com
145 Tremont Street, 2nd Floor
Boston, MA 02111
Tel:  (617) 542-1548
Fax: (617) 542-0932
*Attorney for Plaintiff*